BARBARA MILANO KEENAN,
Circuit Judge, dissenting:
I disagree with the majority’s interpretation of IIRIRA § 321(c). Therefore, I respectfully dissent from Section 11(A).
The provisions in IIRIRA § 321(b) make clear that the revised definition of the term “aggravated felony” applies “regardless of whether the conviction was entered before, on, or after” IIRIRA’s enactment. See Mondragón v. Holder, 706 F.3d 535, 542-43 (4th Cir.2013). In IIRIRA § 321(c), the statute provides:
EFFECTIVE DATE. — The amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act [September 30, 1996], regardless of when the conviction occurred.
(emphasis added).
The majority acknowledges that the term “actions taken” is not defined and is ambiguous. Yet, the majority “eschew[s] critical analysis of the meaning of the phrase ‘actions taken,’ instead substituting in its place the phrase ‘proceedings initiated.’ ” Biskupski v. Att’y Gen., 503 F.3d 274, 283 (3d Cir.2007) (discussing the analysis in Tran v. Gonzales, 447 F.3d 937 (6th Cir.2006)).
In my view, the majority of circuit courts to consider the meaning of “actions taken” have properly concluded that the term refers to actions and decisions by the Attorney General acting through an IJ or BIA. See generally, Garrido-Morato v. Gonzales, 485 F.3d 319, 324 (5th Cir.2007); Biskupski, 503 F.3d at 283; Xiong v. I.N.S., 173 F.3d 601, 607 (7th Cir.1999); Choeum v. I.N.S., 129 F.3d 29, 36-37 (1st Cir.1997); Valderrama-Fonseca v. I.N.S., 116 F.3d 853, 856-57 (9th Cir.1997).
I am persuaded by the analysis employed by the Fifth Circuit in Garrido-Morato. See 485 F.3d at 324. There, the court observed that because IIRIRA § 321(c) is “an effective date provision for § 321,” the term “ ‘actions taken’ must refer” to actions “taken under the statute, such as determining the meaning of ‘aggravated felony’ and thus the availability of discretionary hardship relief to such felons.” Id.
In the present case, the IJ and BIA applied the INA’s definition for “aggravated felony” in the petitioner’s case in 2010 *131 and 2011, after IIRIRA’s effective date. Therefore, I would affirm the decision that the petitioner is ineligible for relief under NACARA because he was convicted of a disqualifying aggravated felony and would deny the petition for review in this case.